STATE OF NORTH CAROLINA v. HELEN DELORES JACKSON, ALIAS PATTIE JACKSON

No. 7114SC383

(Filed 14 July 1971)

1. **Searches and Seizures § 1; Criminal Law § 84— admissibility of evidence — heroin found in warrantless search**

   The heroin found on defendant's person as the result of a warrantless search in jail was properly admitted in evidence where the trial court made findings, supported by evidence, that the search was incident to a lawful arrest for the possession of heroin for purpose of sale.

2. **Arrest and Bail § 3— arrest without warrant — possession of narcotics for sale**

Police officer had reasonable grounds to arrest defendant without a warrant for the felony of possessing heroin for purpose of sale, where a person suffering from a narcotics overdose told him that the defendant had administered hypodermically narcotic drugs to her and that the defendant had narcotic drugs on her person. G.S. 15-41.

3. **Arrest and Bail § 3— finding of fact of "arrest"**

A finding that defendant was "taken into custody" was tantamount to a finding that defendant was "under arrest."

APPEAL by defendant from *Bickett, Judge,* at the 30 November 1970 Session, DURHAM Superior Court.

Defendant was tried on a bill of indictment charging that on 15 February 1970 she did unlawfully, wilfully, and feloniously have in her possession a quantity of narcotic drugs, to wit: heroin, for the purpose of sale. She pleaded not guilty, the jury found her guilty as charged and from judgment imposing prison sentence of not less than three nor more than five years, she appealed.

*Attorney General Robert Morgan by William Lewis Sauls, Staff Attorney, for the State.*

*Joe C. Weatherspoon and Jerry B. Clayton for defendant appellant.*

BRITT, Judge.

[1, 2] Defendant's sole assignment of error relates to the denial of defendant's motion to suppress evidence with respect to 13 bindles of heroin found on defendant's person as the result of a search made without a warrant after she was taken into custody. Defendant contends that her rights guaranteed by the Fourth and Fourteenth Amendments to the U.S. Constitution were violated, rendering the evidence inadmissible.

The principles of law involved in this case are somewhat similar to those in *State v. David Arvel Parker,* No. 7115SC366, decided by us this day. To avoid needless repetition, we merely refer to applicable statutes and opinions quoted and cited in that case.

Before admitting any evidence in the instant case, the trial judge conducted a *voir dire* with respect to the challenged testi-

mony. His findings of fact and conclusions of law are as follows:

"Motion is overruled to suppress the evidence. Let the record show that out of the presence of the jury, the witnesses having been examined, the court finds as a fact that on or about the 15th day of February, 1970, an officer of the Police Department of the City of Durham, to wit: Mr. Joyner, went to investigate a person who was suffering from an overdose of narcotics by the name of Christiana Thompson; and that Christiana Thompson advised him that the defendant in this case, Helen Delores Jackson, alias Pattie Jackson, had administered hypodermically narcotic drugs to her and that the defendant had on her person narcotic drugs.

The court further finds as a fact that as a result of the information the officer had reasonable grounds to believe that a felony had been committed, and that unless an apprehension of the defendant were made she might escape and destroy any narcotic drugs she had on her person; that the officer took her into custody and carried her to the Durham County jail where she remained about thirty minutes in the presence of at least two officers at all times, and at all times she was in custody for investigation; that thereafter a matron of the jail, Mrs. McFarland, came to the jail and stated to Helen Delores Jackson, alias Pattie Jackson, that she had to search her, and that the defendant replied, 'Go ahead and search me, but I don't have anything.'

The officer had reasonable grounds to believe a felony had been committed and was being committed, and that the defendant, Helen Delores Jackson, alias Pattie Jackson, had committed the felony of possession and administering narcotic drugs, and that said police officers had reasonable grounds to believe unless an arrest was made immediately that the defendant would escape, and that said search was legal both at the incident of taking the defendant in custody and by her consent to search."

We hold that the evidence presented at the *voir dire* fully supports the findings of fact, that the findings of fact support the conclusion that the search was legal as an incident to the arrest of defendant, and that the heroin found on defendant

State v. Jackson

was admissible in evidence. We deem it unnecessary to pass upon the question regarding defendant's consent to be searched.

A police officer in North Carolina may without warrant arrest a person when the officer has reasonable ground to believe that the person to be arrested (1) has committed a felony or misdemeanor in his presence or (2) has committed a felony and will evade arrest if not immediately taken into custody. G.S. 15-41. A police officer may search the person of a prisoner lawfully arrested as an incident to such arrest, may lawfully take from the prisoner any property which he has about him which is connected with the crime charged or which may be required as evidence, and, if otherwise competent, such property may be introduced as evidence by the State. *State v. Tippett,* 270 N.C. 588, 155 S.E. 2d 269 (1967) and case therein cited.

Defendant contends that she was not "arrested" until after she was taken into custody, carried to the jail, searched, and the heroin found on her person; that this contention is supported by testimony to that effect by the police officer. In 5 Am. Jur. 2d, Arrest, § 1, p. 695, it is said: "An arrest is the taking, seizing, or detaining of the person of another, (1) by touching or putting hands on him; (2) or by any act that indicates an intention to take him into custody and that subjects him to the actual control and will of the person making the arrest; or (3) by the consent of the person to be arrested."

In *State v. Tippett, supra,* p. 596, we find: "A formal declaration of arrest by the officer is not a prerequisite to the making of an arrest. 5 Am. Jur. 2d, Arrest, § 1. The officer's testimony that the defendant was or was not under arrest at a given time is not conclusive. In *Henry v. United States,* 361 U.S. 98, 80 S. Ct. 168, 4 L. Ed. 2d, 134, it was said that an arrest was complete when federal officers, without a warrant, stopped an automobile, 'interrupted' the two men therein and 'restricted their liberty of movement.' "

[3] We hold that the trial judge's finding and conclusion in the instant case that defendant was "taken into custody" was tantamount to finding and concluding that defendant was "under arrest" at the time of the search.

In our opinion, defendant had a fair trial, free from prejudicial error, and the sentence imposed was within the limits provided by statute.

No error.

Judges CAMPBELL and GRAHAM concur.