STATE OF NORTH CAROLINA v. LARRY LEVON HUGHES

No. 7521SC442

(Filed 1 October 1975)

1. **Narcotics § 4— possession of marijuana — sufficiency of evidence**
    Evidence was sufficient to be submitted to the jury in a prosecution for possession of marijuana where it tended to show that officers stopped defendant to check his driver's license, frisked him, and discovered marijuana on his person.

2. **Arrest and Bail § 3; Searches and Seizures § 1— warrantless arrest — search incident thereto — legality**
    Officers' arrest of defendant for operating a motor vehicle on a public highway without an operator's license was legal; hence, the search of defendant's person as an incident to the arrest was legal.

APPEAL by defendant from *Albright, Judge*. Judgment entered 20 March 1975 in Superior Court, FORSYTH County. Heard in the Court of Appeals 17 September 1975.

In a warrant proper in form, defendant was charged with possession of marijuana. He was convicted in district court and appealed to superior court where he pled not guilty but was found guilty by a jury. From judgment imposing six months' prison sentence, to begin at expiration of another sentence being served, he appealed.

*Attorney General Edmisten, by Assistant Attorney General Conrad O. Pearson, for the State.*

*Badgett, Calaway, Phillips & Davis, by Richard G. Badgett, for defendant appellant.*

BRITT, Judge.

By his first and third assignments of error, defendant contends the court erred in denying his motions to dismiss interposed at the close of the State's evidence and renewed at the close of all the evidence. By his second assignment of error, defendant contends the court erred in denying his motion to dismiss on the ground that he was illegally searched. We find no merit in the assignments.

The evidence tended to show: On 21 November 1974, defendant was an inmate at a prison camp in or near Winston-Salem. On that date, while on routine patrol, Winston-Salem police offi-

cers, who knew defendant, saw him driving an automobile in the city. They followed him for several blocks after which he stopped at an apartment house complex. The officers drove up near defendant and asked to see his operator's license. When he failed to display his license, one of the officers told him he was under arrest. The officers proceeded to "frisk" defendant and detected a hard object in his coat pocket. Thinking the object might be a weapon, the officer then ran his hand into defendant's pocket and retrieved a pipe containing residue of marijuana and a plastic bag containing marijuana. He was then advised that he was under arrest for violation of the Controlled Substances Act. Testifying in his own behalf, defendant denied any knowledge of the pipe and marijuana being in his pocket. On cross-examination he admitted that earlier in 1974 he had been convicted twice for possession of marijuana, once for possession of cocaine, and several times for resisting arrest and assault on a police officer.

[1, 2]   Clearly, the evidence was sufficient to survive the motions to dismiss. It is also clear that defendant's arrest for operating a motor vehicle on a public highway without an operator's license was legal, hence the search of his person as an incident to the arrest was legal. *State v. Streeter*, 283 N.C. 203, 195 S.E. 2d 502 (1973) ; *State v. Jackson*, 11 N.C. App. 682, 182 S.E. 2d 271 (1971), aff'd, 280 N.C. 122, 185 S.E. 2d 202 (1971).

No error.

Judges PARKER and CLARK concur.