### CANNON *v.* STATE

[No. 310, September Term, 1963.]

134

*Decided June 1, 1964.*

*Motion for rehearing filed in proper person June 12, 1964, denied June 17, 1964.*

The cause was argued before BRUNE, C. J., and HAMMOND, HORNEY, MARBURY and SYBERT, JJ.

*Edward F. Borgerding* for the appellant.

*David T. Mason, Assistant Attorney General,* with whom

were *Thomas B. Finan, Attorney General, William J. O'Donnell, State's Attorney for Baltimore City,* and *George J. Helinski, Assistant State's Attorney,* on the brief, for the appellee.

MARBURY, J., delivered the opinion of the Court.

Willard M. Cannon was tried and convicted by Judge Sodaro sitting without a jury in the Criminal Court of Baltimore of unlawful possession and control of narcotics, and as a second offender. From the judgment and sentence of five years in the penitentiary he appeals. He contends that the physical evidence introduced by the State at his trial was inadmissible because it was the result of an illegal search and seizure.

On July 31, 1963 about 12:20 p. m., the manager of a filling station in Baltimore found the appellant lying unconscious on the floor of the station's rest room. He called the police, and officer Keener and a companion in a radio car responded. On their arrival they observed a belt in the washbasin and the appellant on the floor with a puncture wound in his arm. An ambulance was summoned and, about the time Cannon was being placed into it, officer Welsh who was on routine patrol arrived. He looked into the rest room and observed a couple of drops of blood in the basin. Along with Keener, officer Welsh then accompanied the appellant to the hospital. After arriving there Welsh was handed the belt which Keener had found in the washbasin. The appellant was placed in the emergency room because it was believed he had taken an overdose of a drug. Cannon looked familiar to Welsh, who testified that in trying to establish appellant's identity he removed from Cannon's shirt pocket a case containing eye glasses. Whether these facts afford probable cause to believe a felony had been or was being committed is the question for our determination, for in the glasses case the officer found what later proved to be two glassine envelopes containing heroin.[1] Welsh testified that when ap-

---

1. Code (1957, 1963 Cum. Supp.), Art. 27, § 300 (Penalties), effective in April 1963, is an amendment to the prior law and states that one who violates, *inter alia,* § 277 (unlawful possession and control, etc., of narcotics) "shall be charged with committing a felony."

pellant gained consciousness he placed him under arrest. It is clear by hosts of our decisions that where a police officer has probable cause to believe that a felony has been committed by the person arrested a search of that person by the arresting officer without having first obtained a warrant for his arrest or a search warrant is permissible. *Farrow v. State,* 233 Md. 526, 197 A. 2d 434; *Edwardsen v. State,* 231 Md. 332, 190 A. 2d 84; *Mulcahy v. State,* 221 Md. 413, 158 A. 2d 80. A statement of the definition of "probable cause" may be found in *Edwards v. State,* 196 Md. 233, 237, 76 A. 2d 132, reiterated in *Mulcahy.* It exists where the facts and circumstances within the officer's knowledge and of which he has reasonably trustworthy information are sufficient to warrant a reasonably cautious man to believe an offense has been or is being committed. This comports with the federal standard. *Brinegar v. United States,* 338 U. S. 160.

Applying these observations to the case before us, we think that officer Welsh had sufficient basis to justify the search. He had seen blood in the washbasin of the rest room where appellant was found. At the hospital he was given the cloth belt by Keener who had observed the puncture wound. It was admittedly of a type a drug addict uses to make a tourniquet as a part of injecting heroin into his arm. Further, Welsh testified that he knew appellant to be an addict and had in fact previously arrested him for violation of the narcotics laws. These personal observations together with the experience of the officer who was a member of the narcotics squad constituted sufficient legal basis to establish probable cause to believe Cannon illegally possessed or had recently had in his possession narcotics.

Appellant contends that since officer Welsh testified his search was for purposes of identity, it was not therefore predicated upon probable cause to believe a felony had been committed, but upon curiosity as to the name of the appellant. Even if it were conceded the subjective intent was to establish identity only, this would in no way negate the personal knowledge Welsh had which was legally sufficient to establish probable cause to arrest. The fact that the search resulted in the discovery of contraband in no way precludes the use of that unexpected evi-

dence, if unexpected it was, in a trial for possession of narcotics. *Harris v. United States,* 331 U. S. 145. *Cf. Brooks v. State,* 235 Md. 23, 200 A. 2d 177. In *Edwards v. State, supra,* the appellants were arrested and searched without a warrant for probable cause for having perpetrated a robbery in Virginia. However, their unsuccessful appeal was from a conviction of possessing and selling lottery tickets found on their persons and in the car in which they had been riding. Numerous seizures of evidence without warrants have been upheld by this Court though the evidence obtained was as a result of a search made by the police for different reasons. *Braxton v. State,* 234 Md. 1, 197 A. 2d 841; *Jenkins v. State,* 232 Md. 529, 194 A. 2d 618.

The appellant also points out that the search by officer Welsh preceded the actual arrest. The State contends that the arrest occurred contemporaneously with the search.[2] Welsh's testimony on this point was that as a practical matter he waited until the appellant regained consciousness to inform him he was being held in custody. The question of the legality of nonconsentual searches without a warrant prior to arrest is the subject of an annotation in 89 A.L.R. 2d 715, 780 *et seq.* While the cases are not in accord, the rule we think sound is that it is immaterial that a search of the person preceded his arrest so long as the requisite probable cause to arrest existed and the search is not too remote in time or place. Some cases have held the search illegal, particularly when made on a suspicion or a hope of discovering evidence upon which to justify the arrest. Such a "bootstrap" search can not meet the test of probable cause and is really an illegal general exploratory search such as that condemned in *United States v. Lefkowitz,* 285 U. S. 452. Since the arresting officer did have probable cause to believe that appellant had narcotics in his possession at the time of the search or immediately prior thereto, the search, result-

---

2. It may well be that the arrest in the instant case preceded the search and occurred when the unconscious appellant was taken from the washroom, at which time there was probable cause for his arrest. That notice is unnecessary to a valid arrest, see Restatement, Torts § 128(2) (c) and Cornish v. State, 215 Md. 64, 137 A. 2d 170.

ing in the seizure of the contraband, under the facts and circumstances then existing, was not exploratory in nature. For a discussion of exploratory searches see the recently decided case of *Brooks v. State, supra,* where a contention that the search was of that character was rejected.

In the recent case of *Stoner v. California,* 376 U. S. 483, 11 L. ed. 2d 856, 84 S. Ct. 889, the search of petitioner's hotel room in Pomona, California, preceded his arrest in Las Vegas, Nevada, by about two days. The State of California recognized that the search was not justified as an incident to the arrest, for it was unrelated in both time and place. *Agnello v. United States,* 269 U. S. 20, 70 L. ed. 145, 46 S. Ct. 4. Instead the State argued the search was lawful because it was conducted with the consent of the hotel clerk, an argument the Court rejected. *Cf. Preston v. United States,* 376 U. S. 364, 11 L. ed. 2d 777, 84 S. Ct. 881, where a search after arrest was held too remote in time or place to have been made incident to the arrest and was therefore unreasonable. In the instant case, however, the delay between search and arrest would not make the search unreasonable on that ground alone.

We hold there was a sufficient showing of probable cause to make the arrest. Consequently the evidence objected to was properly admitted.

*Judgment affirmed.*