State v. Harris

STATE OF NORTH CAROLINA v. HENRY LEE HARRIS

No. 7026SC628

(Filed 18 November 1970)

1. Arrest and Bail § 3— arrest without a warrant

An arrest without a warrant, except as authorized by statute, is illegal.

2. Arrest and Bail § 3; Searches and Seizures § 1— search incident to arrest — probable cause

If an arrest without a warrant is to support an incidental search, the arrest must be made with probable cause.

3. Arrest and Bail § 3; Searches and Seizures § 1— arrest without warrant — probable cause — search incident to arrest

A police officer had probable cause to arrest defendant without a warrant for felonious housebreaking and felonious larceny, where the officer followed footprints from a house that had been broken and entered to a place where items stolen from the house were concealed, and a short time thereafter the officer observed defendant go directly to that place, look around and immediately return by the same route; consequently, the officer's search of defendant incident to the arrest was valid.

4. Arrest and Bail § 5— failure of officer to use technically correct language in making arrest

The arrest of defendant was not illegal because the officer did not use technically correct language in making the arrest, where it

is obvious that defendant understood that he was under arrest and submitted to the officer.

**5. Searches and Seizures § 1— search incident to arrest — legality — voir dire hearing — sufficiency of evidence and findings**

    The facts found by the court at the conclusion of a *voir dire* hearing are supported by the evidence and are sufficient to support the court's conclusion that the arresting officer had reasonable grounds for a search of the person of defendant at the time and place of the arrest.

APPEAL by defendant from *Beal, Special Superior Court Judge,* 6 July 1970 Schedule "D" Criminal Session, MECKLENBURG Superior Court.

Defendant was charged with felonious housebreaking and felonious larceny from the home of Arnold J. Gilleland. Defendant was represented by court-appointed counsel. From judgment entered on the guilty verdict defendant appealed.

*Attorney General Morgan, by Staff Attorney Ronald M. Price, for the State appellee.*

*James J. Caldwell for defendant appellant.*

MORRIS, Judge.

Defendant's assignments of error are directed to the *voir dire* examination conducted by the court to determine the legality of the search of defendant made by the arresting officer and the admissibility in evidence of articles taken from him as the result of the search.

The arresting officer had previously testified that he was called to the residence of the prosecuting witness and arrived there about 4:00 p.m. Upon examination, he found that the rear door of the house had been pried open with some type instrument. In the bedroom all the dresser drawers had been pulled out, their contents dumped on the floor, and the drawers left on the floor. The house had been ransacked completely. Examination of the premises revealed that strand of barbed wire on top of a fence at the rear of the yard had been mashed down. The officer observed footprints across a newly plowed area behind the fence. He followed the footprints and found two portable television sets and a portable radio underneath a tree and some bushes. These were identified by Mr. Gilleland as belonging to him, and were returned to the house. The officer

testified that he was at the Gilleland residence for approximately two hours. He further testified as follows: "I went up to Hawthorne Lane near the playground of Hawthorne Junior High and parked my vehicle and sat and watched the area where the TV's were found. Shortly after dark there was a subject came across the ball field, went to the area where the TV's were left and—he looked around, turned, and came back the same direction which he had gone. At this time I cranked my car up and went down Hawthorne Lane and went around to the front of the school. I got out of the car and stood behind the school. This subject walked back towards the school and I stepped out. I identified myself and told him he was under arrest for investigation of housebreaking and larceny. After I did this, I searched him and found a beaded—"

On the *voir dire,* the officer testified to substantially the same sequence of events adding that he found on the defendant the articles previously identified by the prosecuting witness as having been taken from his home and being exhibits Nos. 1 and 2. The defendant insisted at trial and on appeal that the officer had no sufficient probable cause to make an arrest, that the arrest was therefore illegal and the search illegal and the exhibits should not be allowed in evidence.

[1]  An arrest without a warrant, except as authorized by statute, is illegal. *State v. McCloud,* 276 N.C. 518, 173 S.E. 2d 753 (1970). G.S. 15-41, in part, provides:

"(2)  When the officer has reasonable ground to believe that the person to be arrested has committed a felony and will evade arrest if not immediately taken into custody."

Defendant does not contend that the situation was such that defendant would not have evaded arrest if not immediately taken into custody. The circumstances sufficiently indicate that he would have. Defendant's contention is that the arrest was without probable cause.

[2, 3]  Of course, although a search without a warrant is, within limits, permissible if incident to a lawful arrest, if an arrest without a warrant is to support an incidental search, the arrest must be made with probable cause. "Probable cause exists if the facts and circumstances known to the officer warrant a prudent man in believing that the offense has been committed." *Henry v. United States,* 361 U.S. 98, 4 L. ed. 2d 134, 80 S. Ct. 168 (1959), and cases there cited. We look then to the

State v. Harris

evidence in this case to determine whether prudent men in the shoes of this officer would have seen enough to have permitted them to believe that this defendant was or had committed an offense in violation of the law. We reach an affirmative conclusion. The evidence is conclusive and uncontradicted that a crime had been committed. The officer had found footprints obviously leading from Mr. Gilleland's residence to the place where stolen items were concealed. Defendant, a short time after the items were stolen, was observed by the officer going *directly* to that place, looking around, and returning immediately by the same route. In our opinion this is sufficient to warrant the officer in believing that defendant had committed the offense.

[4] Conceding that the officer did not use technically correct language in making the arrest, "[a] formal declaration of arrest by the officer is not a prerequisite to the making of an arrest." *State v. Tippett,* 270 N.C. 588, 155 S.E. 2d 269 (1967). "If the person arrested understands that he is in the power of the one arresting and submits in consequence, it is not necessary that there be an application of actual force, a manual touching of the body, or a physical restraint that may be visible to the eye." 5 Am. Jur. 2d, *Arrest,* § 1. It is obvious that the defendant understood that he was under arrest and submitted to the officer. We are not willing to hold the arrest invalid because of the language used by the officer and thereby place additional burdens on law enforcement officers. We hold that the arrest was a legal arrest and the search incident thereto valid. It follows, therefore, that the evidence obtained as the result of the search was properly admitted against the defendant.

[5] But defendant contends that the court failed to find sufficient facts at the conclusion of the *voir dire.* Defendant earnestly contends that evidence introduced which was favorable to defendant should have been included in the findings of fact. Defendant introduced no evidence on the *voir dire* examination. Most of the evidence which defendant now insists should have been included in the findings of fact was introduced by defendant after the *voir dire* was concluded. The facts found by the court are supported by the evidence, and the facts found support the court's conclusion that the "Officer had reasonable grounds upon which to conduct a search of the person of the defendant at the time and place of the arrest."

Defendant's remaining assignment of error is directed to the denial of his motions for judgment as of nonsuit made

---

Gifts, Inc. v. Duncan

---

at the close of the State's evidence and renewed at the close of all the evidence. He candidly and properly concedes that if exhibits Nos. 1 and 2 were properly admitted into evidence, there was ample evidence upon which to submit the case to the jury. Our holding with respect to the admission of the exhibits obviates the necessity for discussion of this assignment of error.

Affirmed.

Judges BROCK and GRAHAM concur.