STATE OF NORTH CAROLINA v. HELEN DELORES JACKSON, ALIAS PATTIE JACKSON

No. 93

(Filed 15 December 1971)

1. **Arrest and Bail § 3; Criminal Law § 84; Searches and Seizures § 1— when arrest occurred**

Although it is not clear whether officers stated to defendant that she was under arrest when they took her into custody, defendant was deprived of her liberty, and her arrest was complete, when officers detained her at a grill and thereafter took her to jail; consequently, there is no merit to defendant's contention that a search of her at the jail took place before she had been arrested.

2. **Arrest and Bail § 3; Criminal Law § 84; Searches and Seizures § 1— arrest without warrant — search incident to arrest**

Arrest of defendant without a warrant was justified, and a search of defendant incident to the arrest was proper, where the arresting officers had reasonable grounds to believe that defendant had committed a felony by possessing heroin for the purpose of sale and that unless defendant was apprehended she might escape and destroy any narcotic drugs she had on her person.

3. **Criminal Law § 84; Searches and Seizures § 1— search of defendant at the jail — incident to arrest**

   Where the arresting officers had information that defendant had narcotic drugs concealed inside her brassiere when they took her into custody at a grill, neither the removal of defendant to the jail nor a delay of 30 to 45 minutes waiting for a police matron to search her made the search at the jail too remote in time or place to be considered as a search incident to a lawful arrest.

APPEAL by defendant under G.S. 7A-30(1) from the decision of the Court of Appeals, reported in 11 N.C. App. 682, 182 S.E. 2d 271 (1971).

The defendant was tried before *Bickett, J.,* at the 30 November 1970 Session of DURHAM Superior Court, and was convicted of the felonious possession of heroin for the purpose of sale (G.S. 90-88). From a sentence of three to five years, she appealed to the Court of Appeals, which found no error in the trial.

Upon the call of the case for trial, counsel for the defendant made a motion to "suppress all evidence as to the narcotic drugs, on the grounds that the defendant's constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution were violated in that the evidence obtained by the agents, detectives, and officers was without the authorization of a valid search warrant or as an incident to a lawful arrest, and that evidence obtained in such a manner is incompetent under G.S. 15-27.1 [now G.S. 15-27]."

Before passing upon this motion, the trial judge conducted an extensive voir dire hearing, at which time the State offered testimony tending to show: On 15 February 1970 Durham Police Officer T. O. Joyner was sent to Lincoln Hospital's emergency room to investigate a reported drug-overdose case involving Christiana Thompson. Miss Thompson told Officer Joyner that defendant Helen Delores Jackson, alias Pattie Jackson, had injected something into her arm that night, that defendant had been selling drugs, and that defendant had drugs concealed in her brassiere. Officer Joyner further testified that an unnamed informer had also told him that defendant had injected some drug into Miss Thompson and that defendant had drugs concealed in her brassiere. Later that night Officer Joyner observed defendant in the Biltmore Grill. He called his superior, Lieutenant Evans, who joined him and together they entered

the Grill and told defendant they wanted to talk to her concerning her having drugs in her possession and having administered drugs to Miss Thompson. The defendant denied administering drugs to Miss Thompson or having drugs in her possession. Defendant was then taken to the county jail by Officer Joyner, and Mrs. McFarland, a matron at the jail, was called to search her. Mrs. McFarland arrived some 30 minutes later, took defendant to a private room, and told her she would have to search her. Defendant said she did not have anything but she would let her search. Mrs. McFarland then searched defendant and found 13 bindles of white powder wrapped in a kleenex in her brassiere (a bindle in this case was a small glassine envelope containing about one-tenth of a gram of powder). This white powder was later determined to be heroin. Defendant offered no testimony on the voir dire.

Upon the State's testimony, the trial judge found that Officer Joyner "had reasonable grounds to believe that a felony had been committed, and that unless an apprehension of the defendant were made she might escape and destroy any narcotic drugs she had on her person; that the officer took her into custody and carried her to the Durham County jail where she remained about thirty minutes in the presence of at least two officers at all times, and at all times she was in custody for investigation; that thereafter a matron of the jail, Mrs. McFarland, came to the jail and stated to Helen Delores Jackson, alias Pattie Jackson, that she had to search her, and that the defendant replied, 'Go ahead and search me, but I don't have anything.' The officer had reasonable grounds to believe a felony had been committed and was being committed, and that the defendant, Helen Delores Jackson, alias Pattie Jackson, had committed the felony of possession and administering narcotic drugs, and that said police officers had reasonable grounds to believe unless an arrest was made immediately that the defendant would escape, and that said search was legal both at the incident of taking the defendant in custody and by her consent to search."

The court then overruled defendant's motion to suppress all evidence as to the narcotic drugs found in the possession of defendant, and the trial proceeded before a jury upon the State's evidence which was substantially the same as offered on the voir dire.

Defendant offered no testimony.

*Attorney General Robert Morgan, Staff Attorneys William Lewis Sauls and Richard B. Conely, and Associate Attorney Thomas E. Kane for the State.*

*Joe C. Weatherspoon and Jerry B. Clayton for defendant appellant.*

MOORE, Justice.

[1] Defendant first contends that the search in question took place before she had been arrested. This contention is clearly without merit. While it is not clear whether the arresting officers stated to the defendant that she was under arrest when they took her into custody, it is clear that defendant was deprived of her liberty when she was detained at the Biltmore Grill and later taken to jail. For the purposes of this case, her arrest was then complete. *Henry v. United States,* 361 U.S. 98, 4 L. Ed. 2d 134, 80 S.Ct. 168 (1959) ; *State v. Tippett,* 270 N.C. 588, 155 S.E. 2d 269 (1967).

[2] The facts which Judge Bickett found on voir dire were amply supported by competent evidence in the record and are binding on us. *State v. Gray,* 268 N.C. 69, 150 S.E. 2d 1 (1966). These facts fully support the conclusion that the arresting officers had reasonable grounds to believe that defendant had committed a felony and unless defendant was apprehended, she might escape and destroy any narcotic drugs she had on her person. Under these circumstances, the arrest without a warrant was justified, and a search incident to the arrest was proper. *Chimel v. California,* 395 U.S. 752, 23 L. Ed. 2d 685, 89 S.Ct. 2034 (1969) ; *Sibron v. New York* and *Peters v. New York,* 392 U.S. 40, 20 L. Ed. 2d 917, 88 S.Ct. 1889 (1968) ; *Draper v. United States,* 358 U.S. 307, 3 L. Ed. 2d 327, 79 S.Ct. 329 (1959).

In *State v. Harris,* 279 N.C. 307, 182 S.E. 2d 364 (1971), it is stated:

> " ' A police officer may search the person of one whom he has lawfully arrested as an incident of such arrest. . . . In the course of such search, the officer may lawfully take from the person arrested any property which such person has about him and which is connected with the crime charged or which may be required as evidence thereof. If such article is otherwise competent, it may properly be

introduced in evidence by the State.' *State v. Roberts*, 276 N.C. 98, 102, 171 S.E. 2d 440, 443. Accord, *State v. Tippett*, 270 N.C. 588, 155 S.E. 2d 269. 'Unquestionably, when a person is lawfully arrested, the police have the right, without a search warrant, to make a contemporaneous search of the person of the accused for weapons or for the fruits of or implements used to commit the crime.' *Preston v. United States*, 376 U.S. 364, 367, 11 L. ed. 2d 777, 780, 84 S.Ct. 881, 883. Accord, *Chimel v. California*, 395 U.S. 752, 762-763, 23 L. ed. 2d 685, 694, 89 S.Ct. 2034, 2040."

Defendant contends, however, that the search of defendant in this case cannot be justified as a search incident to a lawful arrest, since such search was not made until some 30 to 45 minutes after she was taken into custody. For a search and seizure incident to a lawful arrest to be constitutionally permissible, it must be "substantially contemporaneous with the arrest." *Stoner v. California*, 376 U.S. 483, 11 L. Ed. 2d 856, 84 S.Ct. 889 (1964) ; *Preston v. United States*, 376 U.S. 364, 11 L. Ed. 2d 777, 84 S.Ct. 881 (1964). In the instant case, the arresting officers had information that defendant had narcotic drugs concealed inside her brassiere when they took her into custody at the Biltmore Grill. This was probable cause for her arrest and the officers could have searched her immediately. *State v. Harris, supra.* Instead, the officers took her to jail where she could be searched in privacy by a police matron. In doing so the police officers acted lawfully and commendably. As stated in *United States v. Robinson*, 354 F. 2d 109, 113 (2d Cir. 1965), cert. denied 384 U.S. 1024, 16 L. Ed. 2d 1028, 86 S.Ct. 1965 (1965) :

> "Narcotics and the implements with which it is sold and used are small items that can be secreted in numerous places on the body; an adequate search obviously required greater privacy than the street corner. More important, Annita Daniels was a woman and the arresting officers were men. It would have violated . . . all concepts of decency . . . if the officers had attempted a thorough search at the place of arrest."

[3] Neither the removal of the defendant to the jail nor the delay of 30 to 45 minutes waiting for the matron to search her made the search too remote in time or place to be invalid as a search incident to a lawful arrest. Other jurisdictions have so

held. *United States v. Gonzalez-Perez,* 426 F. 2d 1283 (5th Cir. 1970) ; *United States v. DeLeo,* 422 F. 2d 487, 491-93 (1st Cir. 1970), cert. denied 397 U.S. 1037, 25 L. Ed. 2d 648, 90 S.Ct. 1355 (1970) ; *United States v. Miles,* 413 F. 2d 34 (3rd Cir. 1969) ; *United States v. Caruso,* 358 F. 2d 184 (2d Cir. 1966), cert. denied 385 U.S. 862, 17 L. Ed. 2d 88, 87 S.Ct. 116 (1966) ; *United States v. Powell,* 407 F. 2d 582 (4th Cir. 1969), cert. denied, 395 U.S. 966, 23 L. Ed. 2d 753, 89 S.Ct. 2113 (1969) ; *Rangel v. State,* 444 S.W. 2d 924 (Tex. Crim. App. 1969) ; Annot., 19 A.L.R. 3d 727 (1968).

The search in this case was valid as an incident to a lawful arrest, and the heroin found on the defendant's person was properly introduced in evidence. Therefore, it is not necessary to determine whether or not defendant consented to the search.

For the reasons stated above, the trial court's denial of defendant's motion to suppress the evidence obtained in the search of the defendant was without error.

No error.