STATE OF NORTH CAROLINA v. LARRY LESLIE AUSBORN

No. 7512SC304

(Filed 2 July 1975)

1. **Arrest and Bail § 3— arrest without warrant — when permissible**

     An officer may arrest a person without a warrant when the officer has probable cause to believe that the person has committed a felony in his presence, and the officer may then search the person incident to the arrest. G.S. 15-41.

2. **Arrest and Bail § 5; Searches and Seizures § 1— acts constituting arrest — search incident thereto**

     When an officer drew a revolver on the defendant, ordered the defendant to take his hand out of his pocket, to get out of his car, and to lean against the vehicle, and informed the defendant that he was suspected of being in the possession of cocaine, the defendant was "arrested" and placed in the custody of the officer just as effectively as he would have been had the officer formally stated that the defendant was under arrest; thus the search which followed defendant's leaning against the automobile was subsequent to and incident to a lawful arrest, and the material found and seized as a result thereof was properly admitted into evidence.

APPEAL by defendant from *Bailey, Judge.* Judgment entered 21 January 1975 in Superior Court, CUMBERLAND County. Heard in the Court of Appeals 12 June 1975.

The defendant was charged in separate bills of indictment, proper in form, with the felonies of (1) possession of heroin and (2) possession of cocaine.

The defendant pleaded not guilty and was found guilty of both charges. The court imposed an active prison sentence of six months in the heroin case and a sentence of five years, which was suspended for five years, in the cocaine case. Defendant appealed.

*Attorney General Edmisten by Associate Attorney Isaac T. Avery III for the State.*

*Elizabeth C. Fox for defendant appellant.*

HEDRICK, Judge.

The defendant's four assignments of error raise the one question of whether the court erred in concluding that the search of the defendant's person was legal and that the controlled substances discovered pursuant to the search should be admitted into evidence.

With respect to the search of the defendant's person, the evidence disclosed the following: At about 11:00 p.m. on 19 December 1973, Special SBI Agent John Walker, who was assigned to the investigation of narcotics violations in Cumberland County, received a telephone call from a confidential informant who had given Walker reliable information with respect to drugs on at least ten prior occasions. The informant stated that the defendant was attempting to sell him cocaine at the King Cole Motel, that the defendant had the cocaine on his person, and that the defendant was preparing to leave the motel. He described the defendant as "a white male, about five feet ten inches tall, weighing about one hundred fifty-five pounds with long dark brown hair . . . . " The informant also gave Walker the license plate number of the defendant's automobile. Accompanied by several other officers, Agent Walker immediately proceeded to the King Cole Motel where he observed a white Chevrolet automobile bearing a license tag with the number given him by the informant. Several minutes later the defendant got into the automobile and drove into Fayetteville. The defendant parked his car on Hay Street in front of Rick's Lounge, and the officers maintained surveillance of the vehicle. When the defendant returned to the automobile, Agent Walker approached the defendant and identified himself as a police officer. The defendant put his hand in his right coat pocket, and Walker drew his revolver and ordered the defendant out of the automobile. Walker made the defendant lean against the vehicle and told the defendant he had information which caused him to believe that the defendant was in the possession of cocaine. Walker then searched the defendant and found in his right coat pocket an empty Kool cigarette pack which contained two small tinfoil packets. Walker then advised the defendant that he was under arrest. Upon analysis, it was determined that one of the tinfoil packets contained heroin and that the other packet contained coctaine.

On voir dire the defendant testified that he was getting his keys out of his pocket when Walker ordered him out of his car and told him he was suspected of being in possession of cocaine. After Walker found the two tinfoil packets, Walker placed the defendant in the police car and advised him of his constitutional rights. He was, however, not told that he was under arrest until he was taken "downtown and they typed up the warrants."·

At the conclusion of the voir dire, the trial judge made findings substantially as detailed above and concluded that the

State v. Ausborn

search of the defendant's person was legal and that the evidence found pursuant to the search was admissible.

[1] It is well-settled in this State that an officer may arrest a person without a warrant when the officer has probable cause to believe that the person has committed a felony in his presence, G.S. 15-41; *State v. Roberts,* 276 N.C. 98, 171 S.E. 2d 440 (1970), and that the officer may then search the person incident to the arrest, *State v. Streeter,* 283 N.C. 203, 195 S.E. 2d 502 (1973); *State v. Harris,* 279 N.C. 307, 182 S.E. 2d 364 (1971); *State v. Roberts, supra.* The defendant contends in this case, however, that the search of his person was illegal because it occurred prior to his arrest. We disagree.

[2] In our opinion, the evidence supports the conclusion that the search was legal and that it followed a lawful arrest of the defendant. Based on the information received from a reliable informant, which was corroborated by the officer's observations, Agent Walker had probable cause to believe that the defendant was in the possession of cocaine and that the defendant was thereby committing a felony in his presence. See generally, *State v. Ketchie,* 286 N.C. 387, 211 S.E. 2d 207 (1975). When Walker (1) drew a revolver on the defendant, (2) ordered the defendant to take his hand out of his pocket, to get out of his car, and to lean against the vehicle, and (3) informed the defendant that he was suspected of being in the possession of cocaine, the defendant was "arrested" and placed in the custody of the officer just as effectively as he would have been had the officer formally stated that the defendant was under arrest. *State v. Jackson,* 280 N.C. 122, 185 S.E. 2d 202 (1971); *State v. Tippett,* 270 N.C. 588, 155 S.E. 2d 269 (1967); see also *State v. Allen,* 282 N.C. 503, 194 S.E. 2d 9 (1973). "A formal declaration of arrest by the officer is not a prerequisite to the making of an arrest. 5 Am. Jur. 2d, Arrest, § 1. The officer's testimony that the defendant was or was not under arrest at a given time is not conclusive." *State v. Tippett, supra* at 596, 155 S.E. 2d at 275. Thus, the search of the defendant's person followed and was incident to a lawful arrest, and the material found and seized as a result thereof was properly admitted into evidence. These assignments of error are overruled.

The defendant had a fair trial free from prejudicial error.

No error.

Judges Britt and Martin concur.