STATE OF NORTH CAROLINA v. JOE LOUIS WOOTEN

No. 778SC286

(Filed 21 September 1977)

1. **Arrest and Bail § 3.1— probable cause for arrest—reliability of informant**

   Trial court's finding that a confidential informant who furnished information necessary to establish probable cause for defendant's arrest was reliable was supported by an SBI agent's *voir dire* testimony that information received from the informant had always been reliable and had led to several arrests and one conviction, although it had at other times not resulted in arrests.

2. **Arrest and Bail § 3.4— warrantless arrest and search—felony in officer's presence—confidential informant**

   Officers had probable cause to believe that defendant was committing a felony in their presence by possessing heroin, and the warrantless arrest and search of defendant was lawful, where a confidential informant told officers that he saw defendant at a certain location in the possession of tinfoil packets represented to contain heroin and described defendant and the clothing he was wearing, and officers observed the defendant as described at the named location.

3. **Searches and Seizures §·1— warrantless search incident to arrest—exigent circumstances**

   "Exigent circumstances" are not necessary to justify a search without a warrant which is incident to a valid arrest based on probable cause.

4. **Searches and Seizures § 1— search before formal arrest—search incident to arrest**

   A search of a suspect's person before formal arrest is incident to the arrest when probable cause to arrest existed prior to the search and it is clear that evidence seized was in no way necessary to establish probable cause.

APPEAL by defendant from *Peel, Judge*. Judgment entered 19 November 1976 in Superior Court, WAYNE County. Heard in the Court of Appeals 30 August 1977.

The defendant was charged in a bill of indictment with feloniously possessing a controlled substance, heroin, in violation of the North Carolina Controlled Substances Act. He pleaded not guilty and a jury found him guilty as charged. From judgment imposing a prison sentence of not less than two nor more than three years, defendant appealed.

*Attorney General Edmisten, by Associate Attorney Patricia H. Wagner, for the State.*

*Kornegay, Bruce & Rice, P.A., by Robert T. Rice, for the defendant.*

MARTIN, Judge.

Defendant's first and second assignments of error are directed to the *voir dire* examination conducted by the court to determine the legality and constitutionality of the search of defendant in the parking lot and the admissibility of the articles seized during the search and the heroin later obtained from the floor of the police station.

On the *voir dire* the State offered evidence tending to show: At approximately 6:00 p.m. on 7 July 1976 State Bureau of Investigation Agent Steven G. Surratt and Goldsboro Police Officer David F. Cloutier met with a confidential informant in the parking lot of the Holiday Inn in Goldsboro. The informant stated that he had observed some people, including "Joe Louis," "hustling" drugs in an area known as "the block." Pursuant to Agent Surratt's instructions to call him if further information developed, the informant telephoned Agent Surratt the same evening and the two arranged to meet at 8:30 that night at the Quality Inn. At this meeting, informant advised that he had seen defendant Joe Louis Wooten in possession of tinfoil packets represented to be heroin and that defendant was still in the area known as "the block." Informant described defendant as a black male, 5'6" to 5'7" tall, approximately 160 pounds, wearing a black print shirt, a black and white cap, blue jeans and wire-rimmed sunglasses. Agent Surratt related this information to Officers Cloutier, Bundy and Blackmon and the four officers then proceeded to "the block." Upon arriving there, they saw an individual in the parking lot matching the description given by the informant. He stated that he was Joe Louis Wooten. Agent Surratt

State v. Wooten

advised defendant that he had probable cause to search defendant for heroin, and began to frisk him. During the frisk, eleven (11) .32 caliber bullets and eighty-nine dollars ($89) in paper money were taken from defendant's front pant's pockets, and a pistol was taken from defendant's waist. At this point, no drugs had been found. Defendant was then placed under arrest for carrying a concealed weapon, handcuffed and taken to the police station. At the station, defendant was taken into the detective room where Officer Bundy observed a small object fall from defendant's hands. The object was found to be a manilla envelope containing tinfoil packets of heroin. Defendant was then placed under arrest for possession of heroin. A subsequent strip search of defendant produced no further objects.

On the *voir dire* Agent Surratt testified that he had known the confidential informant for approximately one year prior to 7 July 1976. During this time, the informant had given Agent Surratt reliable information which had led to the arrest and conviction of at least one individual and the arrest of others he could not recall. The informant's information had proven to be reliable even though many times the information did not lead to an arrest or conviction.

The defendant offered no evidence at the *voir dire*.

At the conclusion of the *voir dire*, the trial judge made findings substantially as detailed above and concluded that the search was legal and the evidence seized during the search and the heroin obtained from the floor of the police station were admissible.

[1]   As defendant's second assignment of error is an integral part of his first assignment of error, it will be dealt with first. In this assignment, defendant contends that there was insufficient evidence to support a finding that the confidential informant's information was reliable. In the instant case, such a finding is essential to the existence of the requisite probable cause to arrest defendant. This contention is clearly without merit. Agent Surratt's testimony on *voir dire* that the informant's information had always been reliable and had led to several arrests and a conviction in one instance, although it had at other times not resulted in arrests, was sufficient evidence to support the trial court's finding of reliability; as to this finding, we are bound. *State v. Jackson*, 292 N.C. 203, 232 S.E. 2d 407 (1977); *State v. Gray*, 268 N.C. 69, 150 S.E. 2d 1 (1966).

[2]   Defendant's first assignment of error challenges the legality of the warrantless search in the parking lot relative to which defendant makes three contentions. First, defendant contends that the officers lacked probable cause to believe defendant was committing a

felony in their presence in that the informant's information was un-reliable. Referring to our discussion of defendant's second assign-ment of error hereinabove, we can find no merit in this contention. Not only was the informant's information reliable, but it was also sufficient to establish probable cause. Probable cause "may be based upon information given to the officer by another, the source of such information being reasonably reliable." *State v. Shore*, 285 N.C. 328, 204 S.E. 2d 682 (1974); *State v. Roberts*, 276 N.C. 98, 171 S.E. 2d 440 (1970). In the case at bar, Agent Surratt was able to test the accuracy of the informant's information when he observed the defendant. Once he corroborated the description of the defendant and his presence at the named location, Agent Surratt had reasonable grounds to believe a felony was being committed in his presence which in turn created probable cause to arrest and search defendant.

Defendant next contends that even if probable cause to arrest defendant existed, there was no justification for not obtaining a warrant before confronting him. We disagree.

An arrest is *constitutionally* valid whenever there exists prob-able cause to make it. Whether an arrest warrant must be obtained is determined by State law. *State v. Streeter*, 283 N.C. 203, 195 S.E. 2d 502 (1973); *State v. Eubanks*, 283 N.C. 556, 196 S.E. 2d 706 (1973). The right of a police officer to arrest a person without a warrant is set forth in G.S. 15A-401(b), which reads, in pertinent part, as follows:

"(1) Offense in Presence of Officer. — An officer may arrest without a warrant any person who the officer has probable cause to believe has committed a criminal offense in the of-ficer's presence."

Thus, if the offense is committed "in the officer's presence," the of-ficer may effectuate the arrest without obtaining a warrant if he possesses the requisite probable cause. This is precisely the situa-tion in the instant case as Agent Surratt, upon corroboration of the informant's information, had reasonable grounds to believe defend-ant was in possession of heroin, a felony; therefore, defendant was committing an offense in the officer's presence. See *State v. Roberts, supra.* As this was probable cause for defendant's arrest, an immediate search of defendant's person was proper.

[3] Defendant maintains in this contention that "exigent cir-cumstances" must exist to justify the search and arrest of defendant without a warrant. We recognize that exigent circumstances are a

necessary requisite of one category of warrantless searches — specifically, warrantless searches based upon probable cause *to search*. See *State v. Allen*, 282 N.C. 503, 194 S.E. 2d 9 (1972). However, the warrantless search in the case *sub judice* is based upon probable cause to arrest and is justified, as explained below, as "incident to arrest." This latter class of warrantless searches does not require for its justification the presence of exigent circumstances. See generally *United States v. Rabinowitz*, 339 U.S. 56, 70 S.Ct. 430, 94 L.Ed. 653 (1950); *State v. Allen, supra*. Even so, we note that the trial court found as fact that defendant might leave the area if he was not apprehended and searched, and that the "exigency" of the situation prevented the officers from first obtaining an arrest warrant or a search warrant. On the evidence presented at *voir dire*, we cannot hold as a matter of law that these findings were unreasonable.

In the third contention directed to the legality of the warrantless search, defendant asserts that the search in the parking lot occurred *before* he was arrested and therefore, was not justified as incident to an arrest. This contention is also without merit. There is an abundance of authority in this State in which the courts, under similar facts, have upheld the finding of a *prior* lawful arrest — thereby justifying the warrantless search as "incident" thereto — notwithstanding the absence of a formal declaration of arrest prior to the search and the presence of testimony by an officer that defendant was not under arrest at the time in question. *State v. Jackson*, 280 N.C. 122, 185 S.E. 2d 202 (1971); *State v. Tippett*, 270 N.C. 588, 155 S.E. 2d 269 (1967); *State v. Ausborn*, 26 N.C. App. 481, 216 S.E. 2d 396 (1975); *State v. Harris*, 9 N.C. App. 649, 177 S.E. 2d 445 (1970). Without diminishing in any way the strength of these decisions, we rely in this case on what we believe to be a more appropriate basis for supporting this search as "incident to an arrest."

[4]   We hold that where a search of a suspect's person occurs before instead of after formal arrest, such search can be equally justified as "incident to the arrest" provided probable cause to arrest existed prior to the search and it is clear that the evidence seized was in no way necessary to establish the probable cause. If an officer has probable cause to arrest a suspect and as incident to that arrest would be entitled to make a reasonable search of his person, we see no value in a rule which invalidates the search merely because it precedes actual arrest. The justification for the search incident to arrest is the need for immediate action to protect the arresting officer from the use of weapons and to prevent destruction of

evidence of the crime. These considerations are rendered no less important by the postponement of the arrest.

Although no decision of a North Carolina court has come to our attention which passes upon or considers the rule which we now announce, we find ample support for this holding in relevant decisions of the federal courts and courts of other jurisdictions. *United States v. Riggs*, 474 F. 2d 699 (2d Cir. 1973); *United States v. Brown*, 150 U.S. App. D.C. 113, 463 F. 2d 949 (1972); *United States v. Skinner*, 412 F. 2d 98 (8th Cir.), *cert. denied*, 396 U.S. 967, 90 S.Ct. 448, 24 L. Ed. 2d 433 (1969); *Bailey v. United States*, 128 U.S. App. D.C. 354, 398 F. 2d 305 (1967); *Pendergraft v. Cook*, 323 F. Supp. 967 (S.D. Miss. 1971); see *United States v. Gorman*, 355 F. 2d 151 (2d Cir. 1965), *cert. denied*, 384 U.S. 1024, 86 S.Ct. 1962, 16 L.Ed. 2d 1027 (1966); *People v. Simon*, 45 Cal. 2d 645, 290 P. 2d 531 (1955); *Lavato v. People*, 159 Colo. 223, 411 P. 2d 328 (1966); *Cannon v. State*, 235 Md. 133, 200 A. 2d 919 (1964). In all of these decisions, the controlling factor in determining the validity of the search was the existence of probable cause to arrest the suspect prior to the search. We have stated hereinbefore that, in the case at bar, Agent Surratt had probable cause to arrest defendant before he began to search him.

Accordingly, we hold that the search of defendant which produced the pistol, bullets, and money was lawful. It follows that defendant's arrest for carrying a concealed weapon was lawful as was his detention and subsequent arrest for possession of heroin at the police station. The heroin discovered at the police station was therefore admissible in evidence.

We find defendant's remaining assignments of error to be without merit. In the trial we find

No error.

Judges PARKER and ARNOLD concur.