An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA24-696

Filed 18 June 2025

Macon County, No. 22CRS290151-550

STATE OF NORTH CAROLINA

      v.

DEVON RAY WATSON, Defendant.

Appeal by Defendant from judgment entered 14 April 2024 by Judge Thomas H. Lock in Macon County Superior Court. Heard in the Court of Appeals 26 February 2025.

> *Attorney General Jeff Jackson, by Special Deputy Attorney General Scott Stroud, for the State.*
>
> *Appellate Defender Glenn Gerding, by Assistant Appellate Defender Kathryn L. VandenBerg, for Defendant-Appellant.*

CARPENTER, Judge.

Devon Ray Watson ("Defendant") appeals from judgment entered upon his guilty plea to two counts of trafficking in cocaine, one count of conspiring to traffic in cocaine, and one count of maintaining a vehicle for the keeping or selling of controlled substances. On appeal, Defendant argues the trial court erred by denying his motion

to suppress evidence obtained from searches during a traffic stop. After careful review, we affirm.

## I. Factual & Procedural Background

On 12 December 2022, a Macon County grand jury indicted Defendant for two counts of trafficking in cocaine, one count of conspiring to traffic in cocaine, and one count of maintaining a vehicle for the keeping or selling of controlled substances. On 18 August 2023, Defendant filed a motion to suppress evidence obtained from searches during a traffic stop, arguing the searches violated his rights under the Fourth Amendment of the United States Constitution. The trial court heard Defendant's motion on 13 and 14 February 2024, and the evidence tended to show the following.

On 8 September 2022, the Dillard Police Department in Dillard, Georgia notified the Macon County Sheriff's Office that a black Honda Accord (the "Accord") was suspected of criminal activity. Dillard is approximately fifteen miles from Macon County, North Carolina, connected by U.S. Route 441. That same day, Detective Derek Stamey with the Macon County Sheriff's Office, was on traffic patrol near U.S. Route 441. While on patrol, Detective Stamey observed the Accord with two males inside. Detective Stamey ran the Accord's registration and discovered it was expired. Based on the expired registration, Detective Stamey initiated a traffic stop.

During the traffic stop, Detective Stamey approached the passenger side of the Accord to avoid exposing himself to passing traffic. Detective Stamey observed Defendant in the front passenger seat and Paul Howarth in the driver's seat. After collecting Howarth's information, Detective Stamey asked Howarth to step out of the Accord and sit in the front passenger seat of the patrol car so they could discuss the traffic stop. Defendant remained inside the Accord while Detective Stamey issued Howarth a warning citation.

Shortly after the traffic stop began, Sergeant Raymond Nicholas Lofthouse and Detective Matthew Breedlove, both with the Macon County Sheriff's Office, arrived on scene after hearing Detective Stamey run the Accord's license plate through the dispatch center. While Detective Stamey was in his patrol car speaking to Howarth, Sergeant Lofthouse deployed his narcotics certified K-9, Diesel, to conduct a free air sniff around the Accord. Sergeant Lofthouse asked Defendant to exit the Accord while Diesel completed the free air sniff. After Defendant complied, Diesel alerted to the passenger side of the Accord.

Based on Diesel's positive alert, Sergeant Lofthouse searched the Accord's passenger area. Sergeant Lofthouse discovered a straw that appeared to be cut down to two to three inches in length in the front passenger floorboard. According to Sergeant Lofthouse, straws cut to this size are commonly used to ingest narcotics. After finding the straw, Sergeant Lofthouse advised the other officers of Diesel's alert and the cut straw, and continued to search the Accord.

Based on Diesel's positive alert and the discovery of the cut straw, Detective Breedlove searched Defendant. The search occurred in front of Detective Stamey's patrol car, which was positioned behind the Accord. During the search, Detective Breedlove felt a hard object in the front waist-groin area of Defendant's pants. According to Detective Breedlove, the object was wrapped in plastic and located outside of the pocket but inside the pants near Defendant's inner thighs. Detective Breedlove also stated the object was large and "had no reason to be in the area on the human body" where it was located.

Thereafter, Sergeant Lofthouse and another officer handcuffed Defendant and moved him to the front, passenger side of the Accord to remove the object. The officers opened the front passenger door of the Accord and moved Defendant behind the door near the inside part of the vehicle to give him privacy. During the search, the officers found a large object wrapped in green cellophane plastic. The officers believed the item to be packaged narcotics, so they used a TruNarc narcotics analyzer to test the substance inside the plastic wrap. The test returned positive for approximately 140 grams of a cocaine-based substance.

The trial court determined the searches and resulting seizure of evidence were constitutional and denied Defendant's motion to suppress. The trial court entered an order reflecting its findings and conclusions regarding Defendant's motion to suppress. After the hearing, Defendant pleaded guilty as charged. The trial court sentenced Defendant to between thirty-five and fifty-one months of imprisonment,

with credit for time served. The trial court also imposed a fine of $50,000, plus a lab fee and attorney's fees. Defendant's plea agreement preserved his right to appeal the denial of his motion to suppress. Defendant gave oral notice of appeal.

## II. Jurisdiction

This Court has jurisdiction under N.C. Gen. Stat. §§ 15A-1444(a) and 15A-979(b) (2023).

## III. Issue

The issue is whether the trial court erred by denying Defendant's motion to suppress.

## IV. Analysis

Defendant argues the trial court erred by denying his motion to suppress. Specifically, Defendant challenges finding of fact 12 and an "implicit" finding of fact in conclusion of law 6. Defendant also challenges the trial court's conclusions of law 4, 5, and 6. For the following reasons, we conclude the trial court did not err by denying Defendant's motion to suppress.

### A. Standard of Review

In reviewing an order denying a motion to suppress, this Court is "strictly limited to determining whether the trial judge's underlying findings of fact are supported by competent evidence . . . and whether those factual findings in turn support the judge's ultimate conclusions of law." *State v. Carrouthers*, 200 N.C. App. 415, 418, 683 S.E.2d 781, 784 (2009) (quotation marks and citation omitted).

Unchallenged findings of fact are deemed to be supported by competent evidence and are binding on appeal. *Id.* at 418, 683 S.E.2d at 784 (quotation marks and citation omitted). "Even when challenged, a trial court's findings of fact 'are conclusive on appeal if supported by competent evidence, even if the evidence is conflicting.'" *State v. Tripp*, 381 N.C. 617, 625, 873 S.E.2d 298, 305 (2022) (quoting *State v. Buchanan*, 353 N.C. 332, 336, 543 S.E.2d 823, 826 (2001)). Competent evidence is that which a reasonable mind might accept as adequate to support a finding of fact. *State v. Ashworth*, 248 N.C. App. 649, 651, 790 S.E.2d 173, 176 (2016).

Conclusions of law, however, are reviewed de novo. *See State v. McCollum*, 334 N.C. 208, 237, 433 S.E.2d 144, 160 (1993). Under a de novo review, this Court "'considers the matter anew and freely substitutes its own judgment' for that of the lower tribunal." *State v. Williams*, 362 N.C. 628, 632–33, 669 S.E.2d 290, 294 (2008) (quoting *In re Greens of Pine Glen Ltd. P'ship*, 356 N.C. 642, 647, 576 S.E.2d 316, 319 (2003)).

**B. Finding of Fact 12**

First, Defendant contends finding of fact 12 is incomplete and misleading because the trial court failed to include details of Diesel's free air sniff of the Accord and the absence of an alert by Diesel to the cut straw. We disagree.

Finding of fact 12 provides: "Upon conducting the free air sniff, Diesel alerted to the front passenger area of the Accord. In that area, Sgt. Lofthouse observed a cut

straw in the front passenger floorboard. Sgt. Lofthouse knew such straws to be consistent with paraphernalia used to ingest illegal drugs."

Defendant concedes that each sentence of finding of fact 12 is supported by the testimony of Sergeant Lofthouse, arguing only that the finding is incomplete and misleading. The trial court, however, is only required to make findings of fact when there is a material conflict in the evidence. *State v. Bartlett*, 368 N.C. 309, 312, 776 S.E.2d 672, 674 (2015) ("[O]ur cases require findings of fact only when there is a material conflict in the evidence and allow the trial court to make these findings either orally or in writing."). Accordingly, finding of fact 12 is supported by competent evidence and Defendant is not entitled to more detailed findings because there was no material conflict in the evidence. *See Bartlett*, 368 N.C. at 312, 776 S.E.2d at 674.

### C. Conclusions of Law 4, 5, and 6

Next, Defendant challenges the following conclusions of law as being unsupported by the findings:

> 4. Upon the K9's alert, probable cause existed to search the front passenger area of the vehicle, the area that Defendant had occupied.
>
> 5. Upon finding the cut straw, probable cause existed to detain Defendant and further to support his arrest for possession of drug paraphernalia.
>
> 6. The Macon County Sheriff's Office officers had the right to search Defendant's person incident to arrest.

According to Defendant, Diesel's positive alert to the passenger side of the Accord was not sufficient to establish probable cause to search Defendant, and the discovery of the cut straw did not constitute probable cause to search or arrest Defendant. Defendant also argues the officers did not have the right to search Defendant's person incident to arrest and the trial court made an erroneous implicit finding that Defendant was arrested. We disagree.

"The Fourth Amendment of the United States Constitution and Article 1, Section 20 of the North Carolina Constitution prohibit unreasonable searches and seizures." *State v. Downing*, 169 N.C. App. 790, 794, 613 S.E.2d 35, 38 (2005). A warrant supported by probable cause is generally required for a search to be reasonable. *State v. Cline*, 205 N.C. App. 676, 679, 696 S.E.2d 554, 556 (2010). The warrant requirement, however, is subject to a few exceptions. *State v. Woods*, 136 N.C. App. 386, 390, 524 S.E.2d 363, 365 (2000).

"It is a well-established rule that a search warrant is not required before a lawful search based on probable cause of a motor vehicle in a public roadway or in a public vehicular area may take place." *State v. Downing*, 169 N.C. App. 790, 795, 613 S.E.2d 35, 39 (2005). The "automobile exception" is based on two principles: (1) the "inherent mobility of motor vehicles" and (2) the "'decreased expectation of privacy' which an individual has in a motor vehicle due to the extensive regulations imposed on vehicles by the state." *State v. Julius*, 385 N.C. 331, 339, 892 S.E.2d 854, 861 (2023) (quoting *State v. Isleib*, 319 N.C. 634, 637, 356 S.E.2d 573, 576 (1987)).

Additionally, "[a]n officer may conduct a warrantless search incident to a lawful arrest. A search is considered incident to arrest even if conducted prior to formal arrest if probable cause to arrest exists prior to the search and the evidence seized is not necessary to establish that probable cause." *State v. Mills*, 104 N.C. App. 724, 728, 411 S.E.2d 193, 195 (1991).

Probable cause is "a reasonable ground of suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious man in believing the accused to be guilty" of an unlawful act. *State v. Yates*, 162 N.C. App. 118, 122, 589 S.E.2d 902, 904 (2004) (quotation marks and citation omitted). "Probable cause requires not certainty, but only a probability or substantial chance of criminal activity." *State v. McKinney*, 368 N.C. 161, 165, 775 S.E.2d 821, 825 (2015) (*purgandum*). Whether probable cause exists "is a 'commonsense, practical question' that should be answered using a 'totality-of-the-circumstances approach.'" *State v. Degraphenreed*, 261 N.C. App. 235, 241, 820 S.E.2d 331, 335 (2018) (quoting *State v. McKinney*, 361 N.C. 53, 62, 637 S.E.2d 868, 874 (2006)). Positive drug dog alerts generally provide probable cause for warrantless automobile searches. *Id.* at 246, 685 S.E.2d at 338.

Here, the trial court's findings are binding on appeal because they are either unchallenged or challenged and supported by competent evidence. *See Carrouthers*, 200 N.C. App. at 418, 683 S.E.2d at 784. Regarding conclusion of law 4, the trial court's findings of fact demonstrate how the officers developed probable cause to

search the front passenger area of the Accord. Specifically, findings of fact 11 and 12 show that Diesel, a K-9 trained in narcotics detection, alerted to the front passenger side of the Accord—the area where Defendant was sitting. Based on Diesel's alert to the front passenger area of the Accord, probable cause supported a search of the front passenger area of the Accord. *See Degraphenreed,* 261 N.C. App. at 246, 685 S.E.2d at 338; *see Julius,* 385 N.C. at 339, 892 S.E.2d at 861. Accordingly, conclusion of law 4 is supported by the trial court's findings. *See Carrouthers,* 200 N.C. App. at 418, 683 S.E.2d at 784.

Similarly, with respect to conclusion of law 5, the trial court's findings of fact show there was probable cause to detain Defendant and arrest him for possession of drug paraphernalia after discovering the cut straw. In particular, findings of fact 7, 11, and 12 demonstrate that: Defendant was sitting in the front passenger seat of the Accord; K-9 Diesel was trained and certified in narcotics detection and gave a positive alert to the passenger area of the Accord where Defendant was previously seated; Sergeant Lofthouse discovered a short, cut straw in the front passenger floorboard of the Accord; and Sergeant Lofthouse knew, based on his training and experience, that short, cut straws are often used to ingest illegal drugs. Given the totality of the circumstances, including Diesel's alert to the passenger area where Defendant was previously seated and the discovery of the cut straw in the passenger floorboard, the trial court's findings of fact support "a reasonable ground of suspicion, supported by circumstances" that Defendant possessed drug paraphernalia. *See Degraphenreed,*

261 N.C. App. at 241, 820 S.E.2d at 335; *Yates*, 162 N.C. App. at 122, 589 S.E.2d at

904. Accordingly, conclusion of law 5 is supported by the trial court's factual findings.

*See Carrouthers*, 200 N.C. App. at 418, 683 S.E.2d at 784.

Further, concerning conclusion of law 6, the trial court's findings of fact show

the officers properly searched Defendant's person incident to lawful arrest.

Defendant argues the evidence does not show he was arrested when the officers

handcuffed him and searched his person. Therefore, according to Defendant, the

officers did not have the right to search incident to his arrest. Defendant's argument

is without merit. *See State v. Wooten*, 34 N.C. App. 85, 89–90, 237 S.E.2d 301, 305

(1997).

In *Wooten*, this Court determined that a search incident to arrest may occur

before a defendant's formal arrest. *Id.* at 89–90, 237 S.E.2d at 305. We further

reasoned:

> [W]here a search of a suspect's person occurs before instead
> of after formal arrest, such search can be equally justified
> as "incident to the arrest" provided probable cause to arrest
> existed prior to the search and it is clear that the evidence
> seized was in no way necessary to establish the probable
> cause. If an officer has probable cause to arrest a suspect
> and as incident to that arrest would be entitled to make a
> reasonable search of his person, we see no value in a rule
> which invalidates the search merely because it precedes
> actual arrest. The justification for the search incident to
> arrest is the need for immediate action to protect the
> arresting officer from the use of weapons and to prevent
> destruction of evidence of the crime. These considerations
> are rendered no less important by the postponement of the
> arrest.

*Id.* at 89–90, 237 S.E.2d at 305; *see also Julius*, 385 N.C. at 338, 892 S.E.2d at 860 (noting "the reasoning in *Wooten* was correct").

As explained above, the totality of the circumstances show the officers had probable cause to detain and arrest Defendant after K-9 Diesel's positive alert to the passenger area of the Accord and the discovery of the cut straw in the front passenger floorboard. At that point, even if Defendant was not formally arrested when the officers handcuffed him and discovered the wrapped narcotics, the officers had the right to search Defendant incident to arrest. *See id.* at 89–90, 237 S.E.2d at 305. Accordingly, conclusion of law 6 is supported by the findings.

Finally, based on the reasoning from *Wooten*, we reject Defendant's argument that there is an erroneous implicit finding in conclusion of law 6 that Defendant was under arrest when he was searched. *See id.* at 89–90, 237 S.E.2d at 305; *Julius*, 385 N.C. at 338, 892 S.E.2d at 860.

## V. Conclusion

Because the findings of fact are supported by competent evidence and support the conclusions of law, the trial court did not err by denying Defendant's motion to suppress. Accordingly, we affirm.

AFFIRMED.

Judge STADING concurs.

Judge ARROWOOD concurs in result.

Report per Rule 30(e).