STATE OF NORTH CAROLINA v. WILLIAM FRANKLIN WHITE

No. 7412SC1081

(Filed 16 April 1975)

1. **Arrest and Bail § 3; Searches and Seizures § 2— arrest without warrant — search of vehicle with permission — admissibility of items in plain view**

    Evidence was sufficient to support the trial court's findings and conclusions that the sheriff had probable cause to detain defendant and search his automobile where that evidence tended to show that employees of an ABC store were robbed at gunpoint, an officer arrived on the scene within minutes, the victims described the robber to him, the officer and a store employee set out to look for the robber, a bystander called them over and stated that she had seen a 1970 dark green Chevrolet with a vinyl top stopped near the store, a short, stocky, black male had stayed with the car, a black male wearing a floppy hat and a flowered shirt had come on foot from the direction of the store, entered the car on the driver's side, and driven off toward Fayetteville, the sheriff headed toward Fayetteville at a high speed, he sighted a dark green Chevrolet with a vinyl top and drove up be-

State. v. White

side it with his blue light flashing, the sheriff stopped the car and ordered the two occupants out, the officer observed in the car a flowered shirt and sunglasses similar to those described by the victims, the officer asked permission to search the car, was denied permission, after considerable discussion was given permission, and found a sizeable amount of money wadded up under the front seat.

**2. Criminal Law § 66— inability to identify defendant on highway — in-court identification proper**

The trial court did not err in admitting identification evidence concerning defendant by one of the victims though the victim was unable to identify defendant as he and the sheriff drove alongside defendant's car on the highway, since the victim was highly excited at the time following a very high speed chase of defendant, and defendant was not wearing the flowered shirt or sunglasses which he had worn during the robbery when the sheriff overtook him.

APPEAL by defendant from *Smith, Judge.* Judgment entered 9 August 1974 in Superior Court, HOKE County. Heard in the Court of Appeals 13 March 1975.

By indictment proper in form, defendant was charged with the armed robbery of Ervin Wilkes and Wayne Ashburn, employees of a Hoke County ABC store, and taking from them the sum of $586. The offense allegedly occurred on 6 June 1974.

Defendant pleaded not guilty, a jury found him guilty as charged, and from judgment imposing prison sentence of not less than 20 nor more than 25 years, he appealed.

*Attorney General Edmisten, by Assistant Attorney General James E. Magner, Jr., for the State.*

*Faircloth & Fleishman, by Neill H. Fleishman, for defendant appellant.*

VAUGHN, Judge.

By his first and second assignments of error, defendant contends the trial court erred in concluding, following a voir dire hearing, (1) that items found in defendant's automobile were in plain view and admitting testimony concerning said items, and (2) that there was probable cause to detain defendant and search his automobile. Testimony presented at the voir dire hearing tended to show:

On 6 June 1974, Ervin Wilkes and Wayne Ashburn were employees of an ABC store in Raeford. Around 4:35 p.m. on that date, as they were working, a young black male, (later

identified as the defendant), approximately 6 feet 1 or 2 inches tall and of slim build, wearing a wide brimmed hat, a flowered silk-type shirt and blue-lensed sunglasses, entered the store. After staying in the store for several minutes and making two separate purchases, he drew a large pistol on Wilkes and Ashburn and demanded the money in the two cash registers. After getting the money, the robber left the store and went around the corner in the direction of a side street. Hoke County Sheriff Barrington was called and arrived at the store within seven minutes. The victims quickly described the robber to the sheriff and Ashburn agreed to accompany the sheriff in looking for the robber.

As Sheriff Barrington and Ashburn proceeded from the store in the sheriff's car toward Highway 401, a Mrs. Maxwell, who was at her home a short distance back of the ABC store, signaled the sheriff to stop. She told him that she had observed a 1970 dark green Chevrolet with a vinyl top stopped near the store; that a short, stocky, black male had stayed with the car; that a black male wearing a floppy hat and a flowered shirt had come on foot from the direction of the ABC store, had gotten in the car on the driver's side, and had driven off toward Highway 401 and Fayetteville.

The sheriff proceeded to and on 401 toward Fayetteville, driving at times up to 130 m.p.h As he neared the Cumberland County line—some 10 miles from Raeford—he sighted a 1970 or 1971 dark green Chevrolet with a vinyl top proceeding toward Fayetteville. The sheriff, with his blue light flashing, drove up beside the Chevrolet, observed that it was being operated by a young black male, (later identified as defendant), accompanied by a smaller black male; the sheriff motioned the driver of the Chevrolet to pull off on the shoulder of the road. Sheriff Barrington stopped in front of the Chevrolet, alighted from his car, drew his gun and ordered the Chevrolet accupants to get out of the car. After considerable argument, they got out of their car and Sheriff Barrington held them "at bay" until other officers arrived.

The driver of the Chevrolet (hereinafter referred to as defendant) was wearing a dark "tank" shirt (similar to an undershirt), a wide brimmed hat, but no sunglasses. As he and his companion got out of the Chevrolet, they locked the doors. Sheriff Barrington observed a flowered shirt and blue-lensed sun-

glasses in the Chevrolet and after other officers arrived he asked defendant for permission to search the car. At first, defendant refused permission but, after considerable conversation in which the sheriff threatened to call for a wrecker to have the car towed back to Raeford, defendant consented to the search and opened one of the doors with the aid of a tire tool. The sheriff proceeded to search the car and found a sizeable amount of money wadded up under the front seat. Defendant and his companion, later identified as Leroy Pinkney, were carried back to Raeford. When the sheriff first approached and drove along side of the Chevrolet, Ashburn was unable to identify the driver as being the robber but thereafter positively identified him as the robber. Later on at the sheriff's office, Wilkes was shown a folder containing eight photographs of black males including a photograph of defendant, and identified defendant's photograph as that of the person who robbed the store.

After finding facts substantially as set out above, the trial court concluded that probable cause existed for the detention of defendant by Sheriff Barrington; that the viewing of the sunglasses and shirt in the Chevrolet was not the result of any search since said items were in plain view of all persons; that at the time of the search of the Chevrolet Sheriff Barrington had probable cause for the search which was valid, legal and constitutional in all respects, considering the circumstances, including the mobility of the vehicle and the likelihood of the disposable evidence; that the identification of defendant by the witness Ashburn and the identification of a photograph of defendant by the witness Wilkes did not result from any unreasonable, unconstitutional, illegal or invalid viewing, or any "unreasonable suggestive procedures", but was in fact based on and resulted from observations of defendant in the ABC store at approximately 4:35 p.m. on 6 June 1974. Based on the findings and conclusions, the court admitted the in-court identification of defendant by Wilkes and Ashburn and also admitted evidence offered as a result of the search of the Chevrolet.

We consider, first, authorities relating to the question of defendant's detention by Sheriff Barrington. G.S. 15-41 clearly authorizes a peace officer, without a warrant, to arrest a person when the officer has reasonable ground to believe that the person to be arrested has committed a felony and will evade arrest if not immediately taken into custody. In *State v. Shore,* 285

N.C. 328, 335, 204 S.E. 2d 682 (1974), opinion by Justice Huskins, we find:

> . . . A warrantless arrest is based upon probable cause if the facts and circumstances known to the arresting officer warrant a prudent man in believing that a felony has been committed and the person to be arrested is the felon. *McCray v. Illinois*, 386 U.S. 300, 18 L.Ed. 2d 62, 87 S.Ct. 1056 (1967). "Probable cause for an arrest has been defined to be a reasonable ground of suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious man in believing the accused to be guilty. . . . To establish probable cause the evidence need not amount to proof of guilt, or even to prima facie evidence of guilt, but it must be such as would actuate a reasonable man acting in good faith." 5 Am. Jur. 2d, Arrest § 44 (1962) ; *State v. Harris*, 279 N.C. 307, 182 S.E. 2d 364 (1971).

We consider next authorities relating to the question of the search of defendant's automobile. In *State v. Ratliff*, 281 N.C. 397, 403-4, 189 S.E. 2d 179 (1972), opinion by Justice Huskins, we find:

> In recognition of the mobility of automobiles, a search of an automobile without a warrant is constitutionally permissible *if there is probable cause to make the search.* (Citations omitted.) The search of an automobile *on probable cause* proceeds on a theory entirely different from that justifying the search *incident to an arrest.* "The right to search and the validity of the seizure are not dependent on the right to arrest. They are dependent on the reasonable cause the seizing officer has for belief that the contents of the automobile offend against the law." (Citation omitted). "Automobiles, because of their mobility, may be searched without a warrant upon facts not justifying a warrantless search of a residence or office (citations omitted). The cases so holding have, however, always insisted that the officers conducting the search have 'reasonable or probable cause' to believe that they will find the instrumentality of a crime or evidence pertaining to a crime before they begin their warrantless search." (Citation omitted.)

> If there is probable cause to search an automobile, the officer may either seize and hold the vehicle before present-

State v. White

ing the probable cause issue to a magistrate, or he may carry out an immediate search without a warrant. "For constitutional purposes we see no difference between the one hand seizing and holding a car before presenting the probable cause issue to a magistrate and on the other hand carrying out an immediate search without a warrant. Given probable cause to search, either course is reasonable under the Fourth Amendment." (Citations omitted.)

[1] We hold that the evidence presented at the voir dire hearing in the instant case was sufficient to support the trial court's findings and conclusions that the sunglasses and shirt in the Chevrolet were in plain view, and that Sheriff Barrington had probable cause to detain defendant and to search the automobile. We further hold that the court did not err in admitting the evidence found in the automobile. The assignments of error are overruled.

[2] By his third assignment of error, defendant contends the trial court erred in admitting identification evidence concerning defendant by the witness Ashburn. This assignment has no merit. Defendant's argument on this question is based primarily on the evidence that Ashburn was unable to identify defendant as he and Sheriff Barrington drove along side of defendant's car on the highway. The trial court properly considered the fact that Ashburn was highly excited at the time, following a very high speed ride, and that defendant was not wearing the flowered shirt or sunglasses when overtaken. Other evidence by Ashburn with respect to his identification was plenary to support the finding that his identification of defendant was based upon his observation of defendant in the ABC store.

By his fourth and final assignment of error, defendant contends the trial court erred in admitting identification evidence concerning defendant by the witness Wilkes. This assignment has no merit. The photographic identification of defendant by Wilkes was shown to be proper and the evidence was plenary to support the finding that Wilkes' identification of defendant was based upon his observation of defendant in the ABC store.

We hold that defendant had a fair trial, free from prejudicial error.

No error.

Judges MORRIS and ARNOLD concur.