STATE OF NORTH CAROLINA v. BRUCE EDWARD GILLIAM

No. 8321SC1206

(Filed 6 November 1984)

1. **Criminal Law § 66.5— lack of counsel at lineup—no prejudice**

   There was no prejudice from defendant's participation in a pretrial lineup without counsel where the witness could not make a pretrial or in-court identification of defendant. Furthermore, defendant was detained only as a "suspect," and it is well established that the right to counsel does not attach until judicial criminal proceedings have been initiated.

2. **Searches and Seizures § 8— warrantless arrest—prior detention by private citizen—evidence admissible**

   In a prosecution for armed robbery of a convenience store, there was no error from the admission of evidence seized from defendant's person after he was detained by a private citizen because the officer who arrested defendant had probable cause for the arrest. The search was therefore incident to a lawful arrest and not to the detention of defendant by a civilian or to information provided by the civilian. G.S. 15A-404.

3. **Searches and Seizures § 7— search before formal arrest—incident to arrest**

   A search of a suspect before formal arrest is incident to the arrest when probable cause to arrest existed prior to the search and it is clear that the evidence seized was in no way necessary to establish probable cause.

4. **Criminal Law § 90.2— State's impeachment of own witness—no voir dire—no prejudice**

   There was no prejudice from the court's failure to conduct a *voir dire* before allowing the State to impeach its own witness where the State was clearly surprised by testimony favorable to defendant. The witness testified that he had never had any conversation with the district attorney about the case; that he had not talked to any law enforcement official about the case except immediately after his arrest, when he gave the prior inconsistent statement; and that, just prior to defendant's case being called, he had pled guilty and his attorney had advised the court of a circumstance set forth in the prior statement.

5. **Criminal Law § 90.2— impeachment of own witness—correct procedure**

   Although a trial court's failure to conduct a *voir dire* hearing before allowing the State to impeach its own witness was held nonprejudicial, it is strongly emphasized that the trial courts should follow the procedure set forth in *State v. Pope*, 287 N.C. 505.

6. **Criminal Law § 122.1— refusal to allow testimony to be read to the jury during deliberations—no abuse of discretion**

   The trial court did not abuse its discretion by refusing to allow the testimony of two witnesses to be read to the jury as requested by the jury during deliberations. G.S. 15A-1233(a).

APPEAL by defendant from *Graham, Judge*. Judgment entered 14 December 1978 in Superior Court, FORSYTH County. Heard in the Court of Appeals 28 August 1984.

On 14 December 1978, defendant was convicted of armed robbery and sentenced to twenty years. No appeal was taken. Defendant filed several post conviction motions in the trial court which were denied. On 27 July 1982, defendant filed a petition for Writ of Habeas Corpus in the United States District Court for the Middle District of North Carolina. On 26 April 1983, the United States District Court entered judgment directing the State of North Carolina to either vacate and set aside defendant's conviction or afford him the right to a belated appeal in that the record discloses a "real possibility of impeachment of the State's witness by the prosecuting attorney contrary to the laws of the State of North Carolina." Defendant's Petition for Writ of Certiorari to this Court was granted 15 August 1983.

*Attorney General Rufus L. Edmisten, by Assistant Attorney General Evelyn M. Coman, for the State.*

*Laurel O. Boyles, for defendant appellant.*

JOHNSON, Judge.

The State offered evidence tending to show that on 18 August 1978, at approximately 2:30 a.m., defendant, Bruce Edward Gilliam, and Ralph Cunningham robbed the Pantry Food Store on Lewisville-Clemmons Road, Clemmons, North Carolina. Defendant was wearing blue jeans, a t-shirt and a green jacket. Cunningham was also wearing blue jeans. When defendant and Cunningham entered the Pantry, Cunningham pointed a .45 caliber automatic pistol at the cashier, Elizabeth Boyd, and ordered her to open the cash register. Defendant took $69.00 from the cash register.

The defendant offered testimony tending to show that he accompanied Cunningham into the store but had no prior knowledge that a robbery was to occur; that when he got inside the store Cunningham pulled the pistol on the clerk ordering her to the floor and then ordered defendant to take the money from the cash register. Defendant testified further that he did not willingly participate in the armed robbery and did so only at the direct

State v. Gilliam

insistence of the co-defendant Cunningham and in fear of his personal safety because of the gun being held by Cunningham.

We set forth other pertinent evidence in the body of the opinion as we discuss the issues.

[1] Defendant contends that he was required to participate in a pretrial lineup without the assistance of counsel. This assignment of error is without merit. First, defendant does not contend or argue that he was prejudiced in any manner by being placed in a pretrial lineup, nor does the record reveal any prejudice. The record reveals that the clerk, Elizabeth Boyd, was unable to make either a pretrial or in-court identification of defendant. Second, it is well established that a person's right to counsel does not attach until judicial criminal proceedings have been initiated, *Kirby v. Illinois*, 406 U.S. 682, 92 S.Ct. 1877, 32 L.Ed. 2d 411 (1972), whether by formal charge, preliminary hearing, indictment, information or arraignment. *State v. Finch*, 293 N.C. 132, 235 S.E. 2d 819 (1977). In the case at bar, the evidence shows that at the time Ms. Boyd viewed the defendant he was being detained as a "suspect." Again, and more importantly, Ms. Boyd was unable to make a pretrial or in-court identification of the defendant.

[2] By his second assignment of error, defendant contends the trial court erred in allowing the State to introduce evidence seized from the person of defendant pursuant to an alleged illegal arrest.

Timothy Wooten, a civilian, testified as follows. On 18 August 1978, approximately 2:30 a.m., he saw a brown color Vega automobile parked behind the Pantry Food Store on Lewisville-Clemmons Road. One man was standing in front of the Vega while another was getting into it. Shortly thereafter, Officer J. D. Pitman advised him that the Pantry had been robbed. He again saw the brown Vega traveling approximately two miles from the Pantry. He commenced following the Vega in order to keep it in sight and to obtain the license tag number. He used his citizen band radio and advised Officer Pitman of his pursuit and location. After following the Vega for some distance, it stopped and the driver, Ralph Cunningham, stepped out and started walking toward Wooten's car which he stopped approximately two car lengths behind the Vega. Defendant was seated in the front passenger's seat and two other subjects were seated in the back

seat of the Vega. As Cunningham walked toward him, he told Cunningham to stop and to place his hands on the car where he could see them. Cunningham complied. Defendant and the other passengers started to exit the car. He told them to also place their hands on the car where he could see them. As defendant stepped from the car, he threw something underneath the car. Defendant and the other two passengers then assumed the same position as Cunningham, where all four remained until Officer R. D. Krupel arrived.

Officer R. D. Krupel testified that shortly after the robbery, he arrived at the Pantry Store and interviewed Ms. Boyd who advised him that the two robbers were white males; that each was wearing blue jeans, and one was also wearing a blue shirt and a green jacket. While at the Pantry, Officer Krupel was also advised that the brown Vega had been sighted and was stopped approximately three miles from the Pantry. Upon arriving at the location where the Vega had stopped, Officer Krupel observed four men standing next to it. Defendant was wearing blue jeans, a dark t-shirt and a green jacket. Officer Krupel also saw a .45 caliber automatic pistol and numerous dollar bills on the floorboard of the Vega, and numerous dollar bills scattered on the highway beneath the Vega. Upon searching defendant, Officer Krupel found a large roll of dollar bills in the pocket of defendant's green jacket.

Defendant argues that he was improperly detained by Mr. Wooten, a private person, and held by him until Officer Krupel arrived. Therefore, argues defendant, the subsequent arrest and search of defendant by Officer Krupel were illegal and evidence obtained from that search was inadmissible. Defendant relies upon G.S. 15A-404 which states in pertinent part that a private person may detain another person when he has probable cause to believe that the person detained has committed in his presence a felony, a breach of the peace, a crime involving physical injury to another person, or a crime involving theft or destruction of property. Defendant contends that Mr. Wooten did not have probable cause to believe that defendant committed a crime in his presence and, therefore, he had no right to detain him until the officer arrived.

We do not find it necessary for proper disposition of this assignment of error to decide whether defendant was improperly detained by Mr. Wooten. Prior to searching defendant, Officer Krupel had received a brief description of the robbers and information that the brown Vega was parked behind the Pantry around the time the robbery was committed. Upon arriving at the location where the Vega had stopped and before searching defendant, Officer Krupel saw the .45 caliber automatic pistol and numerous dollar bills scattered on the floorboard of the car. He also observed numerous dollar bills scattered underneath the car where defendant threw something upon stepping from the Vega. He also noticed that defendant was wearing blue jeans and a t-shirt and a green jacket. This evidence clearly shows that Officer Krupel had probable cause to arrest defendant for the robbery and that the search of defendant's person was therefore incident to the lawful arrest made by Officer Krupel and not pursuant to a detention of the defendant or information provided by Mr. Wooten, a civilian.

[3]   Although we are unable to tell from the record before us whether Officer Krupel's search of defendant was before or after formal arrest, our holding would be the same even if the search occurred before formal arrest. This Court has held that a search of a suspect before formal arrest is incident to the arrest when probable cause to arrest existed prior to the search and it is clear that the evidence seized was in no way necessary to establish probable cause. *State v. Wooten,* 34 N.C. App. 85, 237 S.E. 2d 301 (1977). In the case at bar, the evidence seized from defendant's person was not necessary to establish probable cause for defendant's arrest. The other evidence set forth was adequate to establish probable cause prior to a search of defendant. *Compare, State v. White,* 25 N.C. App. 398, 213 S.E. 2d 394, *cert. denied,* 287 N.C. 468, 215 S.E. 2d 628 (1975). Defendant's assignment of error is without merit.

[4, 5]   Defendant contends the trial court erred in allowing the State to impeach its own witness, Ralph Cunningham.

On direct examination, Ralph Cunningham testified that he and defendant entered the store together and while he held the gun on the clerk defendant removed the money from the cash register. When asked if defendant voluntarily took the money from

the cash register, Cunningham stated that he "more or less" made defendant take the money by grabbing defendant by the arm, pushing defendant to the cash register and telling defendant to take the money. Over defendant's objection, the State was allowed to examine Cunningham about a written statement Cunningham had given to law enforcement officers shortly after being arrested. The statement tends to contradict Cunningham's trial testimony which tends to indicate that defendant did not voluntarily participate in the robbery by taking the money, but did so only because defendant made him do it. In the written statement, Cunningham stated that defendant wanted him to kill the clerk; that when he and defendant ran from the store, defendant took the gun and wanted to return to the store to kill the clerk, but that he took the gun away from defendant. Further, that while they were driving away from the store, defendant grabbed the gun and told Cunningham to stop the car so that he could shoot the motorist who was following them.

As a general rule, a district attorney may not impeach a State's witness by evidence of prior statements inconsistent with or contradictory of his testimony. *State v. Anderson*, 283 N.C. 218, 195 S.E. 2d 561 (1973). However, in *State v. Pope*, 287 N.C. 505, 215 S.E. 2d 139 (1975), the Court recognized an exception to this general rule. In *Pope*, the Court held that where the State has been misled and surprised by a witness whose testimony as to a material fact is contrary to what the State had a right to expect, the State is permitted to impeach the witness by proof of his prior inconsistent statements. *Id.* at 512, 215 S.E. 2d at 144. However, before the State is allowed to impeach the witness, the trial court is required to conduct a *voir dire* hearing to determine that the State has been misled and surprised by the witness' testimony as to a material fact. *Id.* at 513, 215 S.E. 2d at 145.

Although the trial court, in the case at bar, erred in failing to conduct the required *voir dire* hearing, *State v. Pope, supra*, we hold that it was nonprejudicial in light of the uncontradicted evidence of the record which shows that the State was in fact misled and surprised by Cunningham's testimony which tended to negate defendant's voluntary participation in the robbery. Cunningham testified that he has never had any conversation with the district attorney about the case; that he had not talked to any law enforcement official about the case except immediately after

his arrest at which time he gave the prior inconsistent statement; and that just prior to defendant's case being called for trial, he (Cunningham) pled guilty to his involvement in the robbery and his attorney advised the trial court that he (Cunningham) had prevented defendant from returning to the Pantry to kill Ms. Boyd. It is clear from the record that the district attorney, in calling Cunningham as a witness, was relying upon these facts, was expecting Cunningham to give favorable testimony to the State's contentions and was surprised when Cunningham gave testimony tending to negate defendant's voluntary participation in the robbery. This assignment of error is without merit. Although we hold that the trial court's failure to conduct a *voir dire* hearing was nonprejudicial, we strongly reemphasize that the trial courts should follow the procedure set forth in *Pope.*

[6]   Defendant contends the trial court erred in not allowing the testimony of two witnesses to be read to the jury as requested by the jury during its deliberations.

Defendant concedes in his brief that it is within the sound discretion of the trial judge to direct that requested parts of the testimony be read to the jury. G.S. 15A-1233(a). Judge Graham explained to the jury that to do so might "possibly highlight or spotlight a particular portion of the evidence." There was no abuse of discretion. *Compare, State v. Jones,* 47 N.C. App. 554, 268 S.E. 2d 6 (1980).

We have carefully examined defendant's remaining assignments of error and find each to be without merit.

In the trial of defendant's case we find no prejudicial error.

No error.

Judges WEBB and PHILLIPS concur.